IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            )<br>                                                      )<br>            Plaintiff/Respondent,  )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>                                                      )<br>Santiago Saavedra-Aguirre,         )<br>                                                      )<br>            Defendant/Movant.       )<br>                                                      )<br>_____) | No. CR-03-0128 PHX-MHM<br>No. CIV-04-2381 PHX-MHM (LOA)<br><br>**ORDER** |

Currently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 8 U.S.C. §2255. (Dkt. #25). The matter was referred to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. On March 2, 2005 Magistrate Judge Anderson filed his Report and Recommendation with this Court. (Dkt. #30). Plaintiff failed to file any objections.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations period for prisoners to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Movant pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. §1326(a) and his judgment of conviction became final on September 9, 2003. See FED. R. APP. PRO. Rule 4. Movant filed the instant 2255 motion on November 1, 2004. Dkt. #25. Accordingly, his claims are barred by AEDPA's one-year statute of limitations.

Notwithstanding the statute of limitations, Movant's claims are without merit. First, Movant argues his counsel was ineffective because his counsel failed to advise him of his Sixth Amendment right to have a jury find any aggravating factors beyond a reasonable doubt. However, Movant knowingly and voluntarily waived the right to collaterally attack his sentence in his Plea Agreement, which forecloses Movant from challenging his sentence in a section 2255 motion. See United States v. Abarca, 985 F.3d 1012, 1013-14 (9th Cir. 1993); Dkt. #24. Furthermore, to prevail on an ineffective assistance of counsel claim Movant must establish that: (1) counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 686 (1984). Movant fails to allege his counsel did not meet the two-tiered Strickland test because Movant did not have a Sixth Amendment right to have a jury determine the existence of his prior conviction beyond a reasonable doubt. United States v. Quintana-Quitana, 383 F.3d 1052, 1053 (9th Cir. 2004) (affirming under both Apprendi and Blakely a sentencing enhancement based on a defendant's prior conviction does not have to be proven to a jury beyond a reasonable doubt).

Secondly, Movant argues his sentence violates the Sixth Amendment in light of Apprendi as extended by Blakely. Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); Blakely is an application of Apprendi and does not apply retroactively to cases on collateral review. United States v. Sanchez-Cervantes, 282

1 F.3d 664, 667 (9th Cir. 2002) (holding that Apprendi did not apply retroactively to cases on
2 collateral review).

3 Having reviewed the Report and Recommendation of Magistrate Judge Anderson, the
4 Court concludes that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant
5 to 8 U.S.C. §2255 is without merit and should be denied. The Court hereby incorporates and
6 adopts Magistrate Judge Anderson's Report and Recommendation.

7 **Accordingly,**

8 **IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Anderson's
9 Report and Recommendation. (Dkt. #30).

10 **IT IS FURTHER ORDERED** Movant's Motion to Vacate, Set Aside, or Correct
11 Sentence pursuant to 8 U.S.C. §2255 is DENIED. (Dkt. #25).

12 **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment
13 accordingly in CIV-04-2381 PHX-MHM.

15 DATED this 16th day of September, 2005.

_____
Mary H. Murguia
United States District Judge